Dear Mr. Babin:
In your correspondence of recent date you apprise us that the Ascension Parish Council intends to appoint two members of the Council to serve on the Ascension Parish Hospital Service District Board. You inquire as to the legality of such appointments.
LSA-R.S. 46:1053 charges the governing authority, in this instance, the parish council, with the responsibility of appointing board members to the hospital service district board. The statute provides, in pertinent part:
 A. Any hospital service district formed or created under the provisions of this Chapter shall be governed by a board of five commissioners, hereafter referred to as commission, who shall be qualified voters and residents of the district. The commission shall be appointed by the police jury of the parish. Two of the first commissioners so appointed shall serve for two years, two for four years and one for six years. (Emphasis added).
LSA-R.S. 42:64 prohibits dual officeholding where the incumbent of one of the offices appoints incumbents to the other office. However, the following exception is contained in LSA-R.S.42:64(A)(1):
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent. (Emphasis added).
The exception above applies to a local government subdivision as reflected in Article VI, § 15 of the Louisiana Constitution, empowering the governing authority to have general power over an agency created by it. Further, Article VI, § 44(1) of the Louisiana Constitution defines a "local government subdivision" as a parish or municipality, and thus, the exemption contained in LSA-R.S. 42:64(A)(1) is applicable herein.
Based on the foregoing authority, we conclude the council may legally appoint two members of the council to serve on the hospital service district board, assuming that the local governing authority created the hospital service district.
This opinion is limited to our review of the Louisiana Dual Officeholding and Dual Employment laws, LSA-R.S. 42:61, etseq. This office lacks jurisdiction to address any potential ethical concerns, as those issues are properly addressed by the Board of Ethics for Elected Officials, 8401 United Plaza Boulevard, Suite 200, Baton Rouge, Louisiana, 70809, (504) 922-1400.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: October 16, 1996
Date Released: October 22, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL